**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

No. 06-4154

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RAYMOND JENNINGS,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Lacy H. Thornburg, District Judge. (1:05-cr-00015-1)

———————

Submitted: December 14, 2006        Decided: December 18, 2006

———————

Before MICHAEL, GREGORY, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

W. Andrew Jennings, Hickory, North Carolina, for Appellant. Richard Lee Edwards, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Raymond Jennings pled guilty to bank robbery, in violation of 18 U.S.C. § 2113(a) (2000). The district court sentenced him as a career offender to a 151-month term of imprisonment, the bottom of the advisory sentencing guideline range. Jennings' counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), challenging Jennings' sentence but stating that, in his view, there are no meritorious issues for appeal. Jennings was informed of his right to file a pro se supplemental brief but has not done so. We affirm.

Counsel questions whether the district court violated Jennings' Sixth Amendment rights by classifying Jennings as a career offender under U.S. Sentencing Guidelines Manual § 4B1.1 (2004), where the predicate convictions were not charged in the indictment or proved beyond a reasonable doubt. This argument is foreclosed by our decision in United States v. Collins, 412 F.3d 515, 521-23 (4th Cir. 2005).

Counsel also suggests that Jennings' 151-month sentence is unreasonable. After United States v. Booker, 543 U.S. 220 (2005), a district court must calculate the applicable guideline range after making the appropriate findings of fact and consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006). United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert.

denied, 126 S. Ct. 2054 (2006). This court will affirm a post-Booker sentence if it is both reasonable and within the statutorily prescribed range. Id. at 433. "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006).

Contrary to counsel's assertion, the district court properly relied on Jennings' North Carolina felony conviction for possession with intent to sell and deliver crack cocaine to find that Jennings qualified as a career offender. In imposing the sentence, the district court appropriately treated the guidelines as advisory and considered the § 3553(a) factors, and the sentence falls within a properly calculated guideline range and is well within the statutory maximum sentence of twenty years. See 18 U.S.C. § 2113(a). Thus, we conclude that the sentence is reasonable.

In accordance with Anders, we have reviewed the entire record for any meritorious issues and have found none. Accordingly, we affirm Jennings' conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof

- 3 -

was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED